

# Missouri Court of Appeals
## Southern District

In Division

STATE OF MISSOURI, )
)
    Respondent, ) No. SD38459
)
v. ) **Filed:** April 7, 2025
)
RICHARD NEIL BURKETT, )
)
    Appellant. )

APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable William E. Hickle, Judge

**Opinion on Motion for Rehearing or to Transfer to Supreme Court**

In its "MOTION FOR RECONSIDER [sic] BY THE COURT EN BANC OR REHEARING UNDER RULES 30.26 AND 84.17 OR APPLICATION FOR TRANSFER UNDER RULES 30.27 AND 83.02[,]" the State argues this Court's opinion "overlooks controlling Missouri Supreme Court case law on waiver of instructional plain error." In support, the State directs us to *State v. Jackson-Bey*, 690 S.W.3d 181 (Mo. banc 2024)—however, *Jackson-Bey* is inapplicable, as it dealt with waiver in the context of the verdict director for first-degree assault, not self-defense. *See id*. at 186-87.

As set out in more detail in this Court's opinion, governing case law from our Supreme Court and our intermediate appellate courts have found "[s]elf-defense is a

special negative defense pursuant to which the defendant has the burden of injecting into the evidence the issue of self-defense while the State continues to have the burden to prove beyond a reasonable doubt that the defendant did not act in self-defense." *State v. Kendrick*, 550 S.W.3d 117, 122 (Mo. App. W.D. 2018) (internal quotations and citation omitted). The trial court's failure to instruct on self-defense where there is substantial evidence to support it effectively relieves the prosecution of its burden to prove the defendant did not act in self-defense, a required element of its case. *See id.* The State's remaining case law and analysis is likewise unavailing, as it is premised on the same erroneous reasoning.

The State's "MOTION FOR RECONSIDER [sic]" is denied.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS